THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM PAUL GARLIN, Defendant-Appellant.

Fifth District    No 80-219

Opinion filed November 13, 1981.

John H. Reid and Charles M. Leonhard, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John H. Ward, State's Attorney, of Taylorville (Gillum Ferguson and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, William Paul Garlin, appeals from a judgment of conviction in the Circuit Court of Christian County entered on a jury verdict finding him guilty of the offenses of burglary and theft over $150. He was sentenced to concurrent terms of imprisonment of 4½ years and 3 years, respectively.

On appeal, defendant raises the following issues: (1) whether he was denied a fair trial by the admission of certain testimonial and physical evidence suggestive of prior criminality; (2) whether the trial court erred in denying his tendered instruction on the offense of theft under $150; (3) whether the trial court erred in denying his motion *in limine* to preclude his impeachment by a prior conviction; and (4) whether he is entitled to additional credit against his prison sentence for time spent in custody.

On March 6, 1978, defendant was charged by information with the burglary of the home of Frank Marcogliese and the theft of several items of Marcogliese's personal property. At that time, a warrant was issued for defendant's arrest but defendant could not be located within the State. On June 20, 1978, defendant was arrested in Oregon pursuant to a fugitive warrant from Christian County. Defendant was released from custody on July 5, 1978, because Christian County apparently failed to comply with the Oregon extradition procedures. In June 1979, defendant was apprehended in Florida on a parole violation based on the burglary and theft charge. It is unclear from the record whether the Florida arrest was effected on June 8 or June 25. Thereafter, defendant was transferred to Illinois and released on bond pending trial.

At the trial, Frank Marcogliese testified that on February 27, 1978, at approximately 8 p.m., he and his wife returned to their home located in Kincaid, Illinois, after having been out since 5 p.m. Approaching the back door, Marcogliese observed that the door knob had been removed.

Marcogliese then entered the house and examined all the rooms. The only room that had been disturbed was the front bedroom where the dresser drawers had been emptied onto the floor. Marcogliese stated that he immediately noticed that his guns and ammunition kept in the dresser were missing. Upon further examination, Marcogliese found the following items missing: a watch, a movie camera and about $10 taken from a toy bank. All the doors and windows were locked when Marcogliese and his wife left their home earlier that evening. Marcogliese did not know defendant.

In addition to the facts related above, Marcogliese testified as to the value of the personal property that was missing. Marcogliese stated that the three missing guns were purchased for a total of $383.95. On objection of defendant, the judge instructed the jury that the evidence was admitted to prove the original purchase price and not to prove the value of the guns at the time the offense was committed. Marcogliese testified that he was familiar with the value of guns in that he had owned guns for 20 years, purchased at least a dozen guns, read gun magazines and attended gun auctions. Over objection of defendant, Marcogliese stated that in his opinion the total value of the guns on the date the offense was committed was $500; the value had increased because one gun had become a collector's item. Marcogliese further testified that about $10 had been taken from a toy bank. No evidence was presented concerning the value of the other missing items. None of the personal property has been recovered.

Michael Rora testified that on February 27, 1978, at about 7 p.m. or 7:30 p.m., while passing the Marcogliese home he noticed something jump out in front of him. Rora stated that he turned on his bright headlights and saw a man, about 15 yards away, carrying a sack over his shoulder. Rora testified that he had a good opportunity to view the individual because his headlights shone directly on the man's face. Rora further testified that he identified defendant from a group of five photographs shown to him at the sheriff's office on March 3, 1978, and, again, on September 30, 1979. Rora was not acquainted with the defendant.

Detective Wise of the Christian County sheriff's department testified that he went to the Marcoglieses' home after report of the burglary. He first examined the back door and found that the lock on the doorknob had been broken. He stated that after examining the entire house, the only room which appeared disturbed was the southwest bedroom. In the bedroom, Wise observed the contents of the dresser drawers scattered about the room. Wise found a toy bank lying on the bed which he later brought to the sheriff's department to dust for latent fingerprints. He explained that he obtained a lift from the bank and compared it to several of the fingerprints on file at the Christian County Correctional Center

before determining that the latent fingerprint was the defendant's. Thereafter, Wise brought the latent print and defendant's known prints to Cecil L. McDougall of the Illinois State Crime Lab. Wise testified that McDougall made an enlargement and comparison of the prints. Wise further testified that he identified 12 matching characteristics from the enlarged latent prints and defendant's known prints. After having been qualified to testify as a fingerprint expert, Wise stated that, in his opinion, the latent print taken from the toy bank was the left ring finger of the defendant.

Wise also testified that he obtained a photograph of defendant and four other individuals with similar appearances from the Correctional Center's files, the photographs having been taken at a previous time. On March 3, 1978, and again on September 30, 1979, Wise showed these photographs to Rora at the sheriff's office. Wise testified that on both occasions Rora identified the defendant.

Cecil L. McDougall, fingerprint examiner at the Illinois State Crime Lab, testified concerning his qualifications as a fingerprint expert. He then explained the procedures employed in fingerprint analysis. McDougall stated that, in his opinion, the latent print was the left ring finger of defendant.

Prior to the testimony of Wise and McDougall, the State presented the testimony of Michael Anderson and Daris L. Boaden. Michael Anderson testified that he had been employed by the Christian County sheriff's department from 1975 through 1978, to work the booking desk during the evening. He identified defendant's photograph and fingerprint card and testified that he had prepared them incident to the arrest of defendant on October 22, 1977.

Daris L. Boaden, sheriff of Christian County, testified that it was his department's regular procedure to take photographs and fingerprints of all persons that were arrested. He identified defendant's photograph and fingerprint card. Boaden also explained that the numbers written on the placard under the photograph referred to the year, month and the number of the "prisoner." In response to the prosecutor's question, Boaden stated that he had known defendant at least six years. Defense counsel did not object to any of the questions asked of Boaden.

At the close of the State's case, all five photographs and the defendant's fingerprint card were admitted into evidence. The fingerprint card was an arrest card prepared by Anderson on October 22, 1977. The judge instructed the jury that the description of the offense, #77-T-17084, from Sangamon County, meant that the arrest was on a traffic charge originating in Sangamon County.

Testifying on his own behalf, defendant stated that at the time of the offense he lived with his father in Bolivia, Christian County. At the time of

trial, defendant was living with his wife in Springfield. Defendant admitted that he had been convicted previously of burglary as a result of a guilty plea. Defendant denied burglarizing the Marcogliese home and stated that he was uncertain as to his whereabouts at the time the offense was committed.

■■ Defendant's initial contention on appeal is that he was denied a fair trial by the admission of certain evidence which suggested he had a criminal history. In this regard, defendant first assigns as error the admission of his photograph, commonly referred to as a "mug shot," which was dated prior to the date of the instant offense. Defendant did object to the introduction into evidence of the photograph in a pretrial motion, and, again, in his post-trial motion. The ground of objection, however, was that the pretrial photographic identification procedure employed by the police was suggestive. Defendant did not object on the basis now urged on appeal. Where an objection to evidence is based on a specific ground, all grounds not specified are waived. (*People v. Killebrew* (1973), 55 Ill. 2d 337, 303 N.E.2d 377.) We find that *Killebrew* is controlling, and, therefore, conclude that defendant has waived the ground of objection now claimed.

In *Killebrew*, the defendant objected at trial to the introduction of his photograph and four others from a pretrial photographic display on the ground that an adequate foundation had not been established. On appeal, the defendant claimed that the trial court erred in admitting his photograph because it was suggestive of defendant's prior criminal activities. The Supreme Court held that defendant's objection to the photographs on the ground of no foundation waived the ground urged for the first time on appeal. The court reasoned that the admission of defendant's photograph did not constitute plain error under their Rule 615(a) (73 Ill. 2d R. 615) in light of all the circumstances of the case, particularly the character of the photograph and defendant's failure to object to the in-court identification on appeal.

■■ The photograph in *Killebrew* and the photograph complained of here were "mug shots." Although, unlike the photograph in *Killebrew*, defendant's photograph was dated prior to the date of the instant offense, this distinction is not critical. As the court noted in *Killebrew*, the rationale of the procedural waiver rule is to provide for the timely resolution of evidentiary questions at trial. Indeed, defendant here concedes that the prejudicial effect of the mug shot could have been obviated by removing the date prior to its introduction into evidence. Defendant cannot urge on appeal this objection which he admits could have been resolved in the trial court. In addition, as in *Killebrew*, defendant did not challenge the in-court identification on appeal. Finally, the evidence is not so closely balanced as to require consideration of defendant's objection.

(*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Defendant's fingerprint was found on an object inside the Marcogliese home. Rora's testimony placed defendant near the scene of the crime. Defendant asserted an alibi defense, but did not establish what he was doing at the time the burglary was committed. Therefore, we decline to apply the plain-error rule to the facts of the instant case.

Defendant next contends that Sheriff Boaden's testimony was improper because it implied that defendant had engaged in a prior course of criminal conduct. Boaden stated that he had known defendant for at least six years. This contention is not argued as an independent source of error, but as a compounding of the error of admitting defendant's mug shot. No objection was made to Boaden's testimony at the trial, nor was any error assigned to the admission of this evidence in defendant's post-trial motion. Therefore, defendant has waived this objection.

■■ Defendant further argues that the trial court erred in admitting his fingerprint card on file at the Correctional Center and that this error was compounded by the testimony laying the card's foundation. We note that this evidence was objected to at trial and assigned as error in defendant's written post-trial motion. Generally, evidence of other crimes committed by a defendant is not admissible. An exception exists, however, where the evidence is relevant to prove an issue of motive, intent, identification, absence of mistake or *modus operandi*. (*People v. Rhodes* (1980), 81 Ill. App. 3d 339, 401 N.E.2d 237, *aff'd* (1981), 85 Ill. 2d 241, 422 N.E.2d 605.) Here the fingerprint card suggested that defendant had a prior arrest record. The fingerprint evidence, however, was necessary to prove the identity of defendant as the perpetrator of the crime. Defendant denied that the latent prints taken from the toy bank were his. Defense counsel cross-examined Detective Wise at length concerning the accuracy of the fingerprint evidence and attacked the reliability of this evidence in closing argument. The identity of defendant was clearly an issue in the case, and the fingerprint card was properly admitted to prove this issue.

In addition, we note that defendant's allegation of prejudice is speculative. The trial judge informed the jury at the time the fingerprint card was admitted into evidence that the arrest referred to a traffic charge from Sangamon County. The judge also admonished the jury during instructions that the evidence was admitted solely to prove the issue of identification. Defendant admitted on direct examination in his own defense that he had been convicted of burglary in 1974, a more serious offense than the traffic charge indicated on the fingerprint card. We cannot presume that the jury ignored the evidence at trial and adjudicated defendant's guilt on the basis of a prior arrest for a traffic violation.

The testimonial evidence of which defendant complains was Detective Wise's statement that he had known of defendant for several years.

Wise's testimony did not refer to any specific prior criminal acts of defendant and his statement did not suggest perforce prior criminal activities. On the basis of the record before us, we conclude that the admission of this evidence did not constitute reversible error.

The second issue raised on appeal is whether the trial court erred in denying defendant's tendered instruction on the offense of misdemeanor theft. Defendant argues that the evidence of the value of the stolen property was not so convincing as to preclude a misdemeanor theft verdict, had the jury been instructed on that offense, and, that by refusing defendant's tendered instruction, the trial court invaded the province of the jury as fact finder.

This precise issue was raised in *People v. Miles* (1977), 45 Ill. App. 3d 758, 360 N.E.2d 165. The defendant in *Miles* was convicted of felony theft for stealing 19 hams from a supermarket. At trial, the store employees testified that the retail value of the hams was $215.65 with the store markup on such goods being about 25%. The appellate court held that the trial court did not commit reversible error by refusing to instruct the jury on misdemeanor theft. The court reasoned that no evidence was introduced at trial tending to prove the lesser rather than the greater offense.

■■ Here, defense counsel objected to Marcogliese's testimony as to the value of the stolen property on the ground that Marcogliese was not an expert. No evidence was introduced, however, tending to prove that the value of the stolen property was less than $150, rather than above $150. We find that the trial court did not err in refusing to instruct the jury on misdemeanor theft.

■■ Defendant next contends that the trial court abused its discretion in denying his motion *in limine* under *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695. To support this contention, defendant urges that the court misapplied the *Montgomery* test as demonstrated by the court's following statement:

> "* * * This particular case, because it is a burglary and theft charge of a residence, and the 1974, 74—CF—76A, Christian County Circuit Court case, conviction of burglary and theft, is likewise of a residence, it's within the ten year period which of course is the fourth test of Montgomery. * * * I think the similarity and the probative value do outweigh the potential danger of unfair prejudice. * * *"

Other portions of the record demonstrate that the trial judge was aware of the potential for prejudice in the admission of defendant's prior conviction and that he considered various factors enumerated by the supreme court in *Montgomery*. It is clear from *Montgomery* that the admission into evidence of a prior conviction of the defendant for purposes of impeachment is within the discretion of the trial court. In addition, similarity

between a prior conviction and the crime charged does not necessitate exclusion of the evidence. (*People v. Fleming* (1980), 91 Ill. App. 3d 99, 413 N.E.2d 1330.) We conclude from the record in the instant case that the trial court correctly admitted the evidence of defendant's prior conviction.

The final issue raised on appeal is whether defendant is entitled to further credit against his prison sentence in addition to the seven days granted by the trial court. Defendant argues that he is entitled to an additional ninety days' credit pursuant to section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—7). The State concedes that defendant is entitled to additional credit to the extent that the pretrial custody resulted from the instant offenses. At a pretrial hearing, the prosecutor stated that defendant's arrest in Oregon and in Florida were both based on the charges pending in Christian County. Defendant was arrested in Oregon on June 20, 1978, and released on July 5, 1978. It is unclear from the record whether defendant was arrested in Florida on June 8, 1979, or June 25, 1979. Therefore, we remand with directions to the trial court to determine the amount of time defendant spent in pretrial custody and to adjust the credit against his sentence accordingly.

For the foregoing reasons, we affirm the judgment of conviction and remand with directions.

Affirmed and remanded with directions.

KASSERMAN, P. J., and JONES, J., concur.