THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EARL D. WHITELOW, Defendant-Appellant.

Fifth District No. 5—89—0851

Opinion filed June 10, 1991.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dennis Middendorff, State's Attorney, of Carlyle (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Lawrence O'Gara, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Earl D. Whitelow, was convicted by a jury in Clinton County, Illinois, of attempted burglary in violation of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 8—4), a Class 3 felony. He was also found guilty of possession of burglary tools in violation of section 19—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 19—2), a Class 4 felony. Defendant was sentenced to a term of four years' incarceration in the Illinois Department of Corrections on the attempted burglary charge and two years' imprisonment on the possession of burglary tools charge. Defendant appeals from his convictions, alleging that his trial counsel provided incompetent representation, that the trial court erred in denying his motion *in limine* which sought to preclude admission of defendant's four prior theft convictions into evidence for purposes of impeachment, and that the prosecution's closing argument denied defendant a fair trial because the prosecutor repeatedly referred to defendant's

prior theft convictions, juxtaposing them to discussions of proof of intent to steal in the instant case. Defendant seeks reversal of his convictions and remand for a new trial. We affirm the decision and sentence in the trial court.

The evidence, viewed in the light most favorable to the prosecution (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277), is as follows: Centralia police officer Ed Meyer testified for the State that on September 1, 1989, he was patrolling a shopping center parking lot at approximately 11:45 p.m. He observed the defendant standing beside the driver's door of a small blue Datsun with license plates reading "Vaness 9" in front of a grocery store. He could see that defendant was attempting to run a clothes hanger down into the driver's door of the automobile, apparently between the glass and the rubber rain gasket, above the lock in order to operate the locking mechanism of the door lock. Because Officer Meyer knew that the Datsun did not belong to the defendant, he pulled up within five feet of defendant and asked him what he was doing. Defendant immediately jerked the hanger away and approached the patrol car. Defendant said that he had locked his keys in the car and was attempting to get the keys out. At this point in time, Officer Meyer got out of his unit and approached the defendant. The defendant then claimed that the car belonged to his girlfriend. Officer Meyer, who knew defendant's girlfriend and knew the automobile did not belong to her, challenged this statement. Defendant then asserted that perhaps he had some girlfriend other than the one known to the officer. Officer Meyer then placed defendant under arrest. He observed that the car held cassette tapes and speakers, and that there were no keys in the ignition or on the car seat. He stated that at the time he "couldn't really notice much as far as any damage or scratches to the car." The officer placed the clothes hanger with which defendant was attempting to open the automobile over the antenna on the back of the police unit at the time of the arrest and forgot to put it in the car when he drove the police unit back to the police station. He identified the coat hanger introduced into evidence as the hanger which he took from the defendant at the time of defendant's arrest, but noted that it was not in the same condition as it was when he took it from the defendant. He said that the hook at the top of the clothes hanger had fallen off, possibly while he was driving to the police station, the top of the clothes hanger had come apart, and one end was not as compressed as it was at the time he took it from defendant. He stated that to the best of his knowledge, no one had tampered with the clothes hanger

and that he was 100% positive it was the same coat hanger he took from the defendant.

Vanessa Harrison testified that she owned the blue Datsun which defendant was attempting to unlock with the clothes hanger. She stated that she parked her car at the National food store at the shopping center after work, locked it, and put the keys in her purse. She testified that all of the windows were rolled up when she left the car, and that her car contained a stereo system, speakers, and tapes. She testified that she did not know the defendant and never gave him permission to try and break into her car. She stated that when she looked at her car in the parking lot at around midnight on September 1, she did not notice any damage to the car, but did notice that there were footprints on her car window which had not been there when she left it.

On cross-examination, defense counsel explored the officer's statement on direct that he had not noticed scratches on the vehicle. The officer testified that when he first observed the vehicle, he did not detect any scratches, but when he checked later in daylight, there were some scratches on it. Defense counsel challenged this statement, citing the officer's testimony at the preliminary hearing that there was no damage to the vehicle. The officer attempted to clarify his statement by saying that while he testified at preliminary hearing that there was no damage, he was now stating that despite the fact that the car had some small scratches, he did not consider it damage. When challenged again concerning his statement, the officer said "I didn't say anything about any scratches then [at the preliminary hearing]." The officer had, in fact, testified at the preliminary hearing that, "[t]here was no damage to [the car], as far as you know, being scratched or anything by the hanger."

Defendant took the stand and testified that on the date in question he drove to the Plaza Lounge, located at the Fairview Plaza Shopping Center, in his own car. He had been asked by a woman he first characterized as a girlfriend and then as a "girl I know" to help her get her keys from her blue Datsun. He looked in one blue Datsun for keys and was looking in the window of a second blue Datsun when he was arrested. He asserted that he had met the girl at the Farm Fresh and had been asked to drive out to the shopping center to look for her car. He claimed that 10 or 15 minutes elapsed between the time the girl at the Farm Fresh asked him to try and get her car open and the time he was arrested. He maintained that the coat hanger entered into evidence was not the hanger he had taken from the trunk of his car in order to attempt to open the girl's car door. He

claimed that at the time he was arrested, he was not doing anything to the car with the coat hanger, but was merely looking in the car to see if the keys were there.

Defendant admitted that he had been convicted of four charges of theft in Marion County. He also asserted that while he remembered that the police officer asked him some questions at the time of the arrest, he did not remember the nature of those questions. On cross-examination, he again claimed to have no recollection of the officer's questions.

The jury received instructions on, *inter alia*, impeachment by prior inconsistent statements (Illinois Pattern Jury Instructions, Criminal, No. 3.11 (2d ed. 1981) (hereinafter IPI Criminal 2d No. 3.11)) and impeachment of a defendant by a previous conviction (Illinois Pattern Jury Instructions, Criminal, No. 3.13 (2d ed. 1981) (hereinafter IPI Criminal 2d No. 3.13)). Following deliberation, the jury returned verdicts of guilty on both counts.

On appeal, defendant asserts that his trial counsel was incompetent for his failure to introduce Officer Meyer's testimony at the preliminary hearing as substantive evidence at trial under section 115—10.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1). He asserts that had the officer's testimony at preliminary hearing been introduced, it would have been demonstrated that Officer Meyer had either "a very convenient memory change or that Officer Meyer was a crafty liar." In any event, he asserts that Officer Meyer's credibility would have been completely destroyed had the prior inconsistent statement of Officer Meyer been introduced as substantive evidence.

■ In the context of the case at bar, defendant's assertions are without merit. Defendant cites a number of cases in his brief in support of his argument, none of which would lead this court to believe that the outcome of the case at bar would have differed had the officer's statement at the preliminary hearing been used by the defense as substantive evidence. The statement at the preliminary hearing could qualify as a prior inconsistent statement admissible as substantive evidence under section 115—10.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1) in that it is inconsistent with the officer's testimony at trial, the witness was subject to cross-examination concerning the statement at trial, it narrates an event of which the witness has personal knowledge, and the witness acknowledged under oath that he made the statement.

Although the statement conforms superficially to the requirements of the statute, the testimony at the preliminary hearing is such

that any inconsistencies between it and trial testimony are insignificant and do not specifically relate to the credibility of the officer in such a fashion that had the statements been considered as substantive evidence by the jury the outcome would have been different. (See *People v. Salazar* (1988), 126 Ill. 2d 424, 456-57, 535 N.E.2d 766, 780.) The officer testified at trial that at the time of defendant's arrest, he did not notice much in the way of damage or scratches to the car. On cross-examination, defense counsel elicited a reply that although at the time of the arrest he did not notice any scratches on the vehicle, he found some scratches later when he examined the car in daylight. Counsel then brought out the fact that at preliminary hearing, the officer had testified that there was no damage to the vehicle. The officer then stated that he did not consider scratches to be any damage. In response to further questioning, the officer testified that he had said nothing about any scratches at the time of the preliminary hearing but that he did testify that there was no damage. At the time of the preliminary hearing, however, the officer testified that, "[t]here was no damage to it, as far as you know, being scratched or anything by the hanger."

This statement, viewed in isolation, is obviously contradictory to the officer's statement at the time of trial that he had not mentioned any scratches on the vehicle. Equally obvious is that the question of whether or not there were scratches on the vehicle is not a matter which under *Salazar* would rise to the level of a significant inconsistency. The officer's misstatement, viewed in the context of trial and preliminary hearing, is not one which goes to the heart of any matter at issue in the case at bar. This serves to differentiate the officer's misstatement from the cases cited by defendant in his brief. (*E.g., Blackburn v. Foltz* (6th Cir. 1987), 828 F.2d 1177, 1183-86 (at first trial witness testified that defendant was seen for approximately one minute from a distance of five feet, never full face, and at second trial witness testified defendant was viewed for 10 minutes from a distance of three feet, full face, where identification of defendant as the perpetrator was a crucial issue, and thus failure to use the prior inconsistent statement as substantive evidence amounted to ineffective assistance of counsel).) In view of the fact that the car owner testified that she had not observed any damage on the door of her car, it is of no moment that the arresting officer had stated at the preliminary hearing that there was no damage and asserted at trial that he later discovered some scratches on the car. His assertion on cross-examination was that the car was essentially undamaged. The State never attempted to attribute any scratches on the automobile to any activities

of the defendant. In any event, defense counsel did challenge the officer's testimony at trial with his statements at the preliminary hearing and buttressed his position on cross-examination at trial that no damage had been inflicted upon the automobile. Counsel's failure to introduce the officer's preliminary hearing testimony as substantive evidence, despite the fact that it qualified to be submitted as such, was harmless and did not constitute error which adversely affected the reliability of the outcome of the trial. *People v. Broadnax* (1988), 177 Ill. App. 3d 818, 834-35, 532 N.E.2d 936, 946.

Defendant also contends that it was improper for the trial court to allow evidence that defendant had four prior theft convictions to be presented to the jury. This contention, too, is without merit.

■■ ■ *People v. Montgomery* (1971), 47 Ill. 2d 510, 518, 268 N.E.2d 695, 698, mandates that the trial court weigh the probative value of evidence of a prior conviction against its potential for unfair prejudice. *Montgomery* provides for admission of a prior conviction for purposes of impeachment where (1) the conviction involved a crime which is punishable in excess of one year or involves dishonesty or a false statement; and (2) the trial judge determines that the probative value of the conviction outweighs the prejudicial effect. (*People v. Gray* (1989), 192 Ill. App. 3d 907, 915, 549 N.E.2d 730, 735.) Theft is a crime involving dishonesty which is admissible to impeach the credibility of a witness. (*People v. Spates* (1979), 77 Ill. 2d 193, 201-04, 395 N.E.2d 563, 568.) The prior convictions involve crimes which are probative of his veracity and honesty as a witness, the evidence was admitted solely for that reason, and despite defendant's argument to the contrary, it is not mandatory that convictions for the same type of crime as charged in the case for which a defendant is being prosecuted be precluded from being admitted into evidence. (*People v. Fox* (1988), 177 Ill. App. 3d 602, 612, 532 N.E.2d 472, 478; *People v. Garlin* (1981), 101 Ill. App. 3d 716, 722-23, 428 N.E.2d 697, 702.) The trial court clearly exercised its discretion in determining that the prior convictions were admissible, and the wide latitude afforded the trial court in making that determination will not be disturbed by this court on appeal.

■■ Defendant's last contention is that the conduct of the prosecution during closing argument, wherein the prosecutor referred to his prior convictions, "in close proximity to references of intent," was improper and thus merits reversal of defendant's conviction and remand for new trial.

Initially, it should be noted that defense counsel failed to object at any point in time during the State's closing argument to these alleg-

edly improper arguments. His failure to object contemporaneously with the allegedly improper statements and in a written post-trial motion thus waives the issue on appeal. (*People v. Friesland* (1985), 109 Ill. 2d 369, 374-75, 488 N.E.2d 261, 262-63.) Even if the argument had not been waived through procedural default, it is without merit.

The jury in the case at bar was well aware through instructions that closing argument is not evidence, and the jury was, moreover, properly instructed on the use of evidence of prior crimes solely as guidance to assessing credibility, not guilt. (IPI Criminal 2d No. 3.13.) A review of the closing argument, *in toto*, coupled with the instructions to the jury, leads this court to believe that defendant was not prejudiced by the statements concerning his prior convictions. See *People v. Lawler* (1991), 142 Ill. 2d 548, 564-65, 568 N.E.2d 895, 903.

In view of the foregoing, the judgment and sentence of the trial court are affirmed.

Affirmed.

CHAPMAN and HARRISON, JJ., concur.