THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT LOUIS WOODARD, Defendant-Appellant.

Fifth District    No. 5—94—0248

Opinion filed December 5, 1995.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

Patrick Duffy, State's Attorney, of Mound City (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

The defendant, Robert Lewis Woodward, was convicted by a jury of aggravated battery (720 ILCS 5/12—4(b)(6) (West 1992)) and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1992)). He was sentenced to concurrent prison terms of three years for aggravated battery and one year for the drug offense. He was also assessed $500. (See 720 ILCS 570/411.2 (West 1992).) On appeal, defendant contends that the court abused its discretion in allowing the State to impeach his credibility with a misdemeanor theft conviction because (1) the prejudice outweighed the probative value as it arose out of a sequence of events that led to defendant's convictions in the case at bar; (2) the court failed to give a limiting instruction at the time the theft conviction was admitted into evidence; and (3) there is no relationship between defendant's theft conviction and his testimonial credibility as a witness. On appeal, defendant also contends that he is entitled to $500 credit toward his assessment for the 114 days spent in jail prior to sentencing.

The record on appeal indicates that on October 24, 1993, gasoline was pumped into a pickup truck in Johnson County, Illinois, and the truck left without someone paying for the gasoline. The clerk notified police, and a high-speed chase ensued along the interstate highway. State police caused a semitrailer truck to be placed across two lanes of traffic, which stopped the pickup truck in Pulaski County. Defendant was the driver of the pickup truck. One other person was in the pickup truck. In defendant's shirt pocket, a pipe which contained cocaine was found. Defendant was unruly and uncooperative. He was taken to State Police Headquarters, where the officers attempted to take his picture in order to learn his identity; however, defendant would stick out his tongue and make faces. When Officer Norman Hinkle, who was holding the camera, got within 18 inches of defendant's face, defendant spit on him. Defendant denied that he spit on Hinkle. Prior to trial, defendant was convicted of misdemeanor theft and several traffic offenses in Johnson County. The Johnson County theft conviction was used to impeach defendant's credibility as a witness in the Pulaski County trial.

*People v. Montgomery* (1971), 47 Ill. 2d 510, 518, 268 N.E.2d 695, 698, mandates that the trial court weigh the probative value of the evidence of a prior conviction against its potential for unfair prej-

udice. *Montgomery* provides for the admission of a prior conviction for purposes of impeachment where (1) the conviction involved a crime which is punishable in excess of one year or involves dishonesty or a false statement, and (2) the trial judge determines that the probative value of the conviction outweighs the prejudicial effect. (*People v. Whitelow* (1991), 215 Ill. App. 3d 1, 7, 574 N.E.2d 253, 257.) In *People v. Spates* (1979), 77 Ill. 2d 193, 201-04, 395 N.E.2d 563, 568, our supreme court held that theft is a crime involving dishonesty, which is admissible to impeach the credibility of a witness. (*Whitelow*, 215 Ill. App. 3d at 7, 574 N.E.2d at 257.) This court is without authority to overrule or modify the decisions of our State supreme court. (*Village of Deerfield v. Greenberg* (1990), 193 Ill. App. 3d 215, 220, 550 N.E.2d 12, 16.) After hearing argument of counsel, the court allowed the State to impeach defendant with the theft conviction. After all witnesses testified, a certified copy of defendant's theft conviction, which consists of the criminal charge, defendant's signed guilty plea, and the certification of the Johnson County circuit clerk, was admitted into evidence. The prior conviction involves a crime which is probative of defendant's veracity and honesty as a witness, and the evidence was admitted solely for that reason. The trial court exercised its discretion in determining that the theft conviction was admissible, and the wide latitude afforded the trial court in making that determination will not be disturbed by this court on appeal as we find no abuse of the trial court's discretion in this matter. See *Whitelow*, 215 Ill. App. 3d at 7, 574 N.E.2d at 257.

■ Defendant's primary argument is that defendant should not have been impeached with the theft conviction because it is based on facts which are a part of the same sequence of events involved in the offenses for which defendant is on trial. Defendant attempts to analogize from cases which have excluded from impeachment those convictions which are for the same offense as the crime for which defendant is on trial because the risk of prejudice is greater in that type of case, as jurors are more likely to view similar past convictions as proof of propensity to commit the crime charged, rather than as a means of evaluating veracity. (See *People v. Elliot* (1995), 274 Ill. App. 3d 901, 654 N.E.2d 636 (and cases cited therein).) This court sees no logic to the defendant's argument. There is no similarity between theft and aggravated battery. One is a crime involving dishonesty; the other is a crime involving violence. The jury was adequately instructed, and this court does not doubt the jury's ability to properly follow the trial court's instructions and to differentiate between the two offenses. The evidence of defendant's guilt was overwhelming; therefore, even if this court found improper impeachment, we would

find the error harmless. See *Elliot*, 274 Ill. App. 3d at 912, 654 N.E.2d at 644.

■ After defendant testified, an in-chambers discussion was had on the manner in which defendant's theft conviction could be presented to the jury. Defendant now contends that the court should have given the jury a limiting instruction immediately after the conviction was entered into evidence. The State's Attorney asked the court: "Do you want to give a limiting instruction?" The court did not reply, and defense counsel did not ask that a limiting instruction be given prior to the jury being completely instructed or raise the issue in a post-trial motion; therefore, the issue is waived. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) Among the complete jury instructions is Illinois Pattern Jury Instructions, Criminal, No. 3.13—Impeachment-Defendant-Offenses (3d ed. 1992).

●4 Defendant further argues that the State's Attorney should not have been allowed to cross-examine defendant about the facts of the theft and the chase. Defendant filed a motion *in limine* to prevent the State from "introducing information about traffic offenses, and other offenses which the State has previously dismissed." The court denied the motion to the extent that the State would be allowed to introduce evidence of defendant's theft conviction in Johnson County for impeachment purposes. The court also held that the State could introduce evidence that defendant had been stopped by a truck parked across the interstate highway and was under arrest when the alleged cocaine pipe was found and when the alleged aggravated battery took place. The State would not be allowed "to get into the circumstances of the chase into Pulaski County, *** to get into all the specifics of why [defendant] was arrested, [and] what happened immediately prior to the arrest."

We find no error, because on direct examination defendant testified about the circumstances of the theft and that the police officers did not tell him why he was arrested; therefore, he opened the door to the cross-examination by the State's Attorney. (See *People v. Leggans* (1993), 253 Ill. App. 3d 724, 729, 625 N.E.2d 1133, 1138.) The State's Attorney only asked defendant if he was told by the officers that he was under arrest for fleeing and evading a police officer. Defendant was not cross-examined on the nature and circumstances of the chase. Further, this contention is waived for the failure to raise it in defendant's post-trial motion. *Enoch*, 122 Ill. 2d at 186.

■ Relying on our supreme court's opinion in *People v. Williams* (1994), 161 Ill. 2d 1, 641 N.E.2d 296, defendant argues that the scope of *Montgomery* has been narrowed. The *Williams* court held that, in a murder trial, the judge improperly admitted evidence that the de-

fendant had a previous conviction for voluntary manslaughter. The trial judge in *Williams* admitted evidence of the conviction because he found that it had "great probative value in a case of [that] nature." (*Williams*, 161 Ill. 2d at 40, 641 N.E.2d at 312.) The supreme court held that the judge improperly admitted the conviction because it did not relate to the defendant's credibility. Instead, the judge had admitted the conviction as evidence of the defendant's guilt of murder. (*Williams*, 161 Ill. 2d at 41, 641 N.E.2d at 312.) As we stated previously in this opinion, the "similar offense" analogy which was improperly utilized by the trial judge in *Williams* does not apply to the facts of this case herein. Theft is clearly a different offense from aggravated battery. The trial judge properly weighed the possible prejudicial impact with the probative value. We acknowledge that *Williams* is a "wake up call to trial judges" from a perceived erosion of the requirements of *Montgomery*. (*Elliot*, 274 Ill. App. 3d at 907.) The trial judge in the case *sub judice* was wide awake and attentive to *Montgomery*, and there is no relief in *Williams* for defendant Woodard.

■ Defendant lastly contends that he is entitled to $500 credit toward his $500 assessment pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110—14 (West 1994)), because he was incarcerated in the county jail for 114 days prior to sentencing. The State contends that defendant has waived such credit because the record does not reflect that he applied for the credit. Prior to January 1, 1994, section 110—14 provided:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110—14 (West 1992).

Effective January 1, 1994, the legislature deleted the provision for circuit clerk notification. In the absence of the record reflecting that section 110—14 was disclosed to the defendant, this court will not find waiver, and nothing in the record on appeal indicates that section 110—14 was made known to defendant at the trial level. This court is aware that in the recent opinion of *People v. Toolate* (4th Dist. 1995), 274 Ill. App. 3d 408, 654 N.E.2d 605, the appellate court held that "[s]ince the circuit clerk no longer has the affirmative duty to notify the defendant, the normal rules regarding waiver of an issue on appeal also apply to this issue." (*Toolate*, 274 Ill. App. 3d at

409, 654 N.E.2d at 606.) We decline to follow *Toolate*, because this court believes it is inherently unfair to make the defendant keep records of the time he was incarcerated. Jail records are usually used to calculate the fine or assessment credit to which defendant is entitled, and those records would normally be considered more accurate than records of defendants. Also, this court is hesitant to hold that a statutory right has been waived, absent an affirmative showing of waiver on the record. The judgment of the circuit court is modified to reflect a credit of $500 toward the assessment of $500, for the time defendant spent in presentence incarceration.

Affirmed as modified.

MAAG and WELCH, JJ., concur.