THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY W. TOOLATE, Defendant-Appellant.

Fourth District    No. 4—94—0381

Opinion filed August 17, 1995.

Daniel D. Yuhas and Michele A. Knapp, both of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial conducted in the circuit court of Adams County, defendant Gary W. Toolate was found guilty of unlawful possession of a weapon by a felon and unlawful possession of firearm ammunition by a felon. (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.1(a).) Defendant was sentenced to 30 months' probation. The conditions of his probation included (1) serving 90 days' periodic imprisonment in the Adams County jail, after receiving credit for one day previously served; (2) performing 100 hours' public service work; and (3) paying a $600 fine.

On appeal, the only issue is whether defendant is entitled to a $5 credit against his fine for time served (one day) in jail prior to trial. (725 ILCS 5/110—14 (West Supp. 1993).) In previous cases, the defendant's failure to seek the credit at the trial level did not preclude the raising of the issue on appeal where there was no indication that the circuit clerk informed the defendant of his entitlement to the credit. (*People v. Sinnott* (1992), 226 Ill. App. 3d 923, 935, 590 N.E.2d 502, 510.) In this case, defendant was tried in February 1994 and was sentenced on March 30, 1994. Effective January 1, 1994, the statute upon which defendant relies was amended to delete language requiring the circuit clerk to provide defendant with notice of his eligibility for such credit at the time of his conviction. (Pub. Act 88—287, eff. January 1, 1994 (1993 Ill. Laws 2472, 2474), amending 725 ILCS 5/110—14 (West 1992).) Since the circuit clerk no longer has the affirmative duty to notify the defendant, the normal rules regarding waiver of an issue on appeal also apply to this issue. Defendant failed to raise this issue in the trial court at the sentencing hearing or in a post-trial motion. The issue is waived for purposes of appeal. See *People v. Smith* (1991), 209 Ill. App. 3d 1043, 1050, 568 N.E.2d 482, 486.

The judgment of the circuit court of Adams County is affirmed.

Affirmed.

COOK and STEIGMANN, JJ., concur.