THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAYMOND S. SCOTT, Defendant-Appellant.

Third District   No. 3—94—0586

Opinion filed January 25, 1996.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Navarro, State's Attorney, of Ottawa (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, Raymond Scott, was convicted of unlawful delivery of cocaine and unlawful delivery of a look-alike substance. (720 ILCS 570/401, 404 (West 1994).) He was sentenced to a four-year term of imprisonment on the cocaine charge and a concurrent two-year term on the look-alike charge. He was also fined $1,000.

On appeal, the defendant argues that he is entitled to a $215 credit against his fine for the 43 days he spent in pretrial custody. (725 ILCS 5/110—14 (West 1994).) The State argues that the defendant waived this issue by failing to raise it at trial. (134 Ill. 2d R. 615(a); see generally Agostinelli, *Waiver—The Rule & Its Consequences*, 6 App. L. Rev. 29-39 (Fall 1995).) The State cites *People v. Toolate* (1995), 274 Ill. App. 3d 408, 654 N.E.2d 605, in support of its argument. In *Toolate*, the Fourth District of the Appellate Court found that the defendant had waived his request for a $5 credit for serving one day of pretrial custody. The court noted that it had previously found against waiver where the circuit clerk had failed to inform the defendant of the availability of the credit. When the legislature deleted the requirement that the circuit clerk inform the defendant of the credit (Pub. Act 88—287, eff. January 1, 1994 (1993 Ill. Laws 2472, 2474), amending 725 ILCS 5/110—14 (West 1992)), the fourth district applied the waiver rule and denied the defendant the credit.

We disagree with the reasoning in *Toolate* and decline to apply it. This court has consistently granted defendants the credit. (See, *e.g., People v. Mills* (1993), 239 Ill. App. 3d 997, 607 N.E.2d 608.) We find no reason to change our position. The defendant has a clear statutory right to the credit, and we are reluctant to find a waiver of that right. (See also *People v. Woodard* (1995), 276 Ill. App. 3d 242, 248.) Granting the credit is a simple ministerial act that will promote judicial economy by ending any further proceedings over the matter. Accordingly, the defendant is allowed the $215 credit. 134 Ill. 2d R. 615(a).

(The discussion of the remaining issue is not to be published pur-

suant to Supreme Court Rule 23 (166 Ill. 2d R. 23).)

The defendant's fine is reduced by $215. The judgment is otherwise affirmed.

Affirmed as modified.

HOLDRIDGE, P.J., and SLATER, J., concur.