THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAY L. HILLSMAN, Defendant-Appellant.

Fourth District   No. 4—95—0713

Opinion filed June 26, 1996.

Daniel D. Yuhas and Khalil Cox, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a bench trial conducted in the circuit court of Vermilion County, defendant Ray Hillsman was found guilty of possession of more than 15 grams of a substance containing cocaine and possession of more than 15 grams of a substance containing cocaine with the intent to deliver. 720 ILCS 570/402(a)(2)(A), 401(a)(2)(A) (West 1994). The trial court considered the two counts merged and sentenced defendant to seven years' imprisonment for possession of a controlled substance with intent to deliver, with credit for 50 days previously served. Defendant was also ordered to pay a street-value fine of $16,640. 720 ILCS 570/402(b) (West 1994).

■ On appeal, the issues are whether the cause should be remanded for correction of the sentencing order to provide defendant (1) 54 days' credit for time previously served and (2) credit of $5 per day for 54 days to be applied against the fine. The State concedes, and we agree, that defendant is entitled to four additional days' credit. Therefore, although the conviction of defendant will be affirmed, the cause will be remanded to the trial court for amendment of the sentencing order to reflect the correct credit for time served. *People v. Curtis*, 233 Ill. App. 3d 416, 420, 599 N.E.2d 101, 104 (1992).

■ The defendant has waived the issue of the credit against the fine by failing to raise it in the trial court. *People v. Toolate*, 274 Ill. App. 3d 408, 409, 654 N.E.2d 605, 605-06 (1995). Nevertheless, defendant argues the failure to raise the issue in the trial court amounted to ineffective assistance of counsel.

In determining whether defendant was provided ineffective assistance of counsel, this court considers whether (1) defense counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *People v. Albanese*, 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255 (1984) (adopting the standards announced in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)). The State argues (1) the failure to request application of the credit is not of constitutional magnitude and is so *de minimis* that counsel cannot be deemed to have rendered constitutionally ineffective assistance, and (2) even

if it were, counsel could not be deemed to have failed to function as counsel in his overall performance as required by the sixth amendment to the United States Constitution (U.S. Const., amend. VI). The cases primarily relied on by the State to support this argument (*People v. Whitehead*, 169 Ill. 2d 355, 389-90, 662 N.E.2d 1304, 1320 (1996); *People v. Bates*, 179 Ill. App. 3d 705, 708-09, 534 N.E.2d 1019, 1021 (1989)) are both post-conviction petition cases. In order to obtain relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1994)), the defendant must prove "substantial denial" of constitutional rights. 725 ILCS 5/122—1 (West 1994).

Nevertheless, we agree with the State's position. The failure to raise the question of a $5-per-day credit against a defendant's fine was not "so serious" a shortcoming as to deprive defendant of a fair trial. *Albanese*, 104 Ill. 2d at 525, 473 N.E.2d at 1255.

For the foregoing reasons, the judgment of the circuit court of Vermilion County is affirmed, and the cause is remanded for amendment of the sentencing order to award defendant four additional days against his sentence for time previously served.

Affirmed and remanded with directions.

COOK, P.J., and KNECHT, J., concur.