NO. 4-96-0188

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Champaign County

GREGORY J. MOORE, ) No. 95CF12

Defendant-Appellant. )

) Honorable

) John R. DeLaMar,

) Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE STEIGMANN delivered the opinion of 

the court:

In May 1995, defendant, Gregory J. Moore, pleaded guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West 1994)). The trial court sentenced him to 20 years in prison (730 ILCS 5/5-8-1(a)(1)(a) (West 1994)) and gave him credit for 120 days previously served in county jail.  In Febru­ary 1996, defen­dant filed an amended motion to with­draw his guilty plea, which the court denied.

Defendant appeals, arguing that (1) the trial court abused its discretion by denying his motion to withdraw his guilty plea where his trial counsel was ineffective; and (2) he is enti­tled to one addi­tional day of credit for time served.  We affirm.

I. BACKGROUND

Defendant pleaded guilty to first degree murder on May 3, 1995, and the trial court sen­tenced him the same day.  After consulting with both the State and defense counsel, the court ordered that defendant be given credit for 120 days of credit for time served.

In his amended motion to with­draw his guilty plea, defen­dant alleged that he did not knowingly and volun­tarily waive his right to jury trial because (1) he or a member of his family was threatened with serious physical harm if he did not plead guilty; (2) he was confused and fright­ened due to those threats; (3) his court-appointed trial counsel, James Kuehl, did not interview material witnesses or explain to defen­dant the evi­dence against him; and (4) Kuehl advised him that he would receive a more severe sen­tence if the case proceed­ed to trial and would be required to serve 85% of a sentence under the new sentencing guidelines, as opposed to 50% of a sentence if he pleaded guilty.   In March 1996, the trial court conducted a hearing on defendant's motion, heard counsels' arguments, and denied it.  

II. THE TRIAL COURT'S DENIAL OF DEFENDANT'S MOTION TO 

WITHDRAW HIS GUILTY PLEA

Defendant first argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea where Kuehl provided ineffective assistance of counsel.  Defen­dant specifically contends that Kuehl gave him incorrect advice about changes in section 3-6-3(a)(2) of the Unified Code of Correc­tions (Correctional Code) concerning good-conduct credit (730 ILCS 5/3-6-3(a)(2) (West Supp. 1995)).  We disagree. 

Defendant's testimony at the hearing on his motion to with­draw reveals Kuehl, in response to defendant's decision to plead guilty, said, "'It's up to you.  It's the best offer they have,' and that it's up to me to take it."  Kuehl testified that on a prior date when defendant was to enter a plea, "I asked Greg, 'Do you want to do this?'  And he said, 'No.'  And I said, 'Fine.'  And I stood up and I said, 'Judge, we're not doing the plea,' and we left."  According to Kuehl, defendant stated he was "upset at the time" and came in a day or two later and finalized the plea.  "[H]e did want to do the plea; it wasn't his favorite thing to do, but that's what he wanted to do."

In denying defendant's motion, the trial court stated, in relevant part, as follows:

 "[T]here's a big difference be­tween wanting to plead guilty and choos­ing to plead guilty.  [Not wanting to plead guilty] does­n't answer the question whether or not [de­fendant] voluntar[il]y pled guilty.

* * *  

[T]here is nothing in the record of the plea, nothing in the fact that [defendant] was not surprised, that he may have been in a layperson's observation depressed, that he didn't like the detention center, or that he was, in fact, reluctant to enter into his plea to suggest it was other than knowingly, intel­ligently, [and] voluntarily made.

*** I am not persuaded even by a prepon­derance of the evidence that that threat [to defendant's brother] was ever relayed to the [d]efendant.  

More importantly, I'm certainly not persuaded that [the threat] in any way influ­enced, affected, or coerced the [d]efendant into pleading guilty."

In arguing the motion to the trial court, defendant's new counsel argued that defendant's guilty plea was involuntary because (1) defendant was depressed; (2) he thought he was going to lose the case; and (3) he was afraid for his own safety.  Defendant's newly appointed counsel did not argue that the guilty plea was rendered involun­tary because of Kuehl's advice concern­ing the possi­ble length of the sentence or the then-recent amendment to the statute authoriz­ing good-conduct credit.  As a result, defendant raises a theory on appeal not relied on in the trial court, and that court never ad­dressed it in denying defendant's motion to with­draw the guilty plea.  Thus, defen­dant has waived consid­er­ation of that argu­ment on appeal.  
People v. Hamil­ton
, 283 Ill. App. 3d 854, 861-62, 670 N.E.2d 1189, 1194-95 (1996).  

Even if defendant had not waived this argu­ment, we would conclude that he failed to demon­strate inef­fec­tive assis­tance of coun­sel.  The denial of a motion to with­draw a guilty plea rests in the trial court's sound discre­tion, and a reviewing court will not overturn that deter­mi­na­tion unless (1) the guilty plea was entered through a misappre­hension of the facts or law; or (2) doubt of the defendant's guilt exists and justice would be better served by submit­ting the case to trial.  
People v. Hillenbrand
, 121 Ill. 2d 537, 545, 521 N.E.2d 900, 903 (1988).  To establish that defen­dant was denied effec­tive assis­tance of counsel in entering a guilty plea, defendant must demonstrate both (1) that his counsel's performance was deficient; and (2) preju­dice to defen­dant (defined as a reason­able probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial).  Prejudice is as­sessed in light of the likelihood of success at trial, and if prejudice has not been demonstrated, we need not consid­er whether counsel's performance was deficient.  
People v. Pugh
, 157 Ill. 2d 1, 14-15, 623 N.E.2d 255, 261-62 (1993).

Defendant concedes in his brief that Kuehl's advice-- that if defendant's case went to trial, convic­tion and a sen­tence of 25 to 30 years were likely--was neither unreasonable nor defi­cient.  However, defendant contends that Kuehl's incor­rect advice concern­ing the matter of good-conduct credit requires rever­sal.  We disagree.  

Our review of the record makes clear that the trial court thor­oughly and completely admonished defendant as to the conse­quenc­es of his guilty plea.  Defendant's responses to the court's ques­tions do not reveal any misun­derstanding or hesitancy in his decision to plead guilty.  

Moreover, even if Kuehl's advice as to good-conduct credit was incorrect, defendant has not demon­strat­ed prejudice to him in his decision to plead guilty.  The record does not show that any alleged misun­der­stand­ing by defen­dant or Kuehl regard­ing good-conduct credit in any way affected the volun­tariness of defendant's guilty plea. 

Accordingly, we hold that the trial court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea.

III. CREDIT FOR TIME SERVED

 Last, defendant argues that he is enti­tled to one addi­tional day of credit against his prison sen­tence for time served in county jail.  Defendant claims that the record shows he is entitled to 121 days of credit, yet the trial court--after consulting with the State and defense counsel--credited him with only 120 days.  The State con­cedes defendant's claim that he is enti­tled to an additional day's credit for time served, but we reject the State's conces­sion because we conclude defendant has waived this claim.

Defendant acknowledges that "[t]his issue is not pre­served for appeal because it was not raised in a motion to reduce sentence."  He nevertheless contends that we should address the matter as plain error affecting substantial rights.  We dis­agree.

The last sentence of Supreme Court Rule 604(d) provides as follows:  "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."  145 Ill. 2d R. 604(d) (eff. August 1, 1992).  The Supreme Court of Illi­nois has been very clear about the meaning of its rules, empha­sizing that the court meant exactly what it said.  See 
People v. Wilk
, 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221 (1988) ("At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not sugges­tions").

In the present case, defendant did not include the issue of his claimed sentence credit in his motion to reconsider sentence and has, accordingly, waived it.  In so holding, we note that this sentencing credit issue is particularly well suited to waiver analysis under Rule 604(d) because, had defendant called this matter appropriately to the trial court's attention, that court could have easily granted defendant any relief to which he was entitled, thus obviating the need to raise the issue on appeal.  

An additional reason exists to conclude that defendant has waived his issue.  In 
People v. Donnelly
, 226 Ill. App. 3d 771, 779, 589 N.E.2d 975, 980 (1992), this court ad­dressed the subject of computing a defendant's credit for time served at the sentenc­ing hearing and stated:

"Because of the statutory right to the cred­it, we hold that the error in computing the credit is not waived by 
failure of the defen­dant *** to call the error to the trial court's attention.  *** [P]roper tri­al-court practice at the time of sentenc­ing would in­clude taking a few addi­tional min­utes to discuss credit-time compu­tation with the prosecutor, defense counsel, and defen­dant--and then fix the number of days.  From our experi­ence, that effort might well avoid the loss of labor necessitat­ed in the appellate process and the remandment pro­cess."  

Not long after rendering our opinion in 
Donnelly
, this court decided 
People v. Curtis
, 233 Ill. App. 3d 416, 420, 599 N.E.2d 101, 103 (1992), where we cited 
Donnelly
 and wrote the follow­ing: 

 "Both the State's Attor­ney and defense coun­sel have an obligation to assist the court, and 
both
 are obligated to make sure the de­fen­dant receives neither more nor less than the time credit to which he is entitled.  We see little justifica­tion or explanation for errors in computing such credit."  (Emphasis in origi­nal.)  

Further, in 
People v. Steskal
, 236 Ill. App. 3d 821, 824, 602 N.E.2d 977, 979 (1992), this court reaffirmed the views stated in 
Curtis
, noted that nei­ther the State nor defense counsel in that case of­fered the trial court any assistance in com­puting credit, and wrote the following:

"The trial judge should seek con­firmation from defense counsel and the [State] as to the accuracy of [the probation office's pres­en­tence report] computation [of the total days for which defendant is enti­tled to cred­it for time served]."  

The present case differs from 
Donnelly
, 
Curtis
, and 
Steskal
 because the records in each of those cases were 
silent
 as to the defendant's agreement with the trial court's deter­mi­na­tion of the number of days for which the defendant was entitled to cred­it for time served.  Here, however, the record before us shows that the trial court did pre­cise­ly what this court urged in 
Donnelly
, 
Curtis
, and 
Steskal
; namely, (1) it consulted with the State and defense counsel regarding the credit defendant was purportedly due for time served, (2) it sought--and re­ceived (through defen­se counsel)--defendant's explicit 
agree­ment with the total number of 120 days' credit, and (3) it corrected the number of days' credit accord­ing­ly.  At sentencing hearing, the court noted that the State and defense counsel had stipulated that defendant was entitled to 118 days of credit, and the following discussion then took place:

"[Prosecutor]:  Judge, that's an error.  It's now 120 days.

THE COURT:  Is that accurate, [defense counsel]?

[Defense counsel]:  That's two days to be added, Judge.

THE COURT:  We'll make that 120 days."

Under the circumstances of this case--where the trial court consulted with the State and defense counsel, who 
explicit­ly
 
agreed
 with the calculation of the total amount of credit for time served--we hold that defendant has waived this issue on appeal.  As our supreme court stated in another context, "If a defendant procures, invites or acquiesces in the admission of evidence, even though it be improper, he cannot complain."  
People v. Burage
, 23 Ill. 2d 280, 283, 178 N.E.2d 389, 391 (1961).  

Trial courts have no way of knowing--or controlling--how many days will pass after a defendant's sentencing hearing before he is in fact transferred to the Department of Corrections (DOC).  Thus, to avoid confusion by DOC when it receives a recently sentenced defendant, we suggest that the trial court specify in the sentencing order that the credit it is ordering for time served is as of the date the sentencing hearing occurs.  Then DOC would simply add additional days the defendant remained in custody in the local county jail until he was trans­ferred to DOC to determine how much credit for time served defendant is entitled to when he is actually received at DOC.  In the present case, for example, the sentencing hearing occurred on May 3, 1995, and the trial court stated that defendant was entitled to 120 days of credit for time served.  Following our suggestion, the trial court would state, "defendant is entitled to 120 days of credit for time served as of the date of this sentencing hearing, May 3, 1995," and the sentencing order would contain this statement, as well.

In concluding that defendant in this case has waived his argument on appeal that he is entitled to an addition­al day's credit for time served, we are mindful of the recent decision of the supreme court in 
People v. Woodard
, 175 Ill. 2d 435, 677 N.E.2d 935 (1997).  In that case, the supreme court over­ruled the decision of this court in 
People v. Toolate
, 274 Ill. App. 3d 408, 654 N.E.2d 605 (1995), and held that the $5-per-diem mone­tary credit against the fine imposed for time spent in jail prior to sentenc­ing, provided under section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 1994)), may be allowed even on appeal.  
Woodard
, 175 Ill. 2d at 456-58, 677 N.E.2d 945-46.  In our judg­ment, the difference between 
Woodard
 and 
Toolate
 on the one hand and the present case on the other is that the records in 
Woodard
 and 
Toolate
 were both 
silent at each sentencing hearing on the subject of the defendant's credit under section 110-14 of the Code against the fine the court imposed.  See 
Woodard
, 175 Ill. 2d at 438, 677 N.E.2d at 937; 
Toolate
, 274 Ill. App. 3d at 409, 654 N.E.2d at 605-06.  In the present case, however, defen­dant was not silent at the sen­tenc­ing hearing.  Instead, he agreed with the trial court and the State that he should be credited with 120 days of time served against his sentence, instead of 118 days that the court originally thought appropriate.  Thus, this case is more like those situa­tions in which the defendant not only fails to object, but affirmative­ly concurs in the action of the trial court, thereby waiving any objection to the action.  

We note that this court has today filed 
People v. Gwartney
, No. 4-96-0178 (June 30, 1997), ____ Ill. App. 3d ___, ____ N.E.2d ____, reach­ing the same conclu­sion regard­ing defen­dants who active­ly partic­ipate at the sen­tencing hearing with the trial court and prosecu­tor in deter­mining the amount of credit for time served.  

IV. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GREEN, J., concurs.

McCULLOUGH, J., concurs in part and dissents in part.

JUSTICE McCULLOUGH, concurring in part and dissenting in part:

The State and the defendant agree that defendant is entitled to one additional day's credit on his sentence.  It is clear a mistake was made by the trial court in determining the proper credit.  The parties agree it was a mistake.  The credit should be given.  The majority is saying go back and file a section 2-1401 motion.  See 735 ILCS 5/2-1401 (West 1994).  Is this judicial economy?

The defendant's claim is rejected on the basis that the claim has been waived.  Waiver is the intentional relinquishment of a known right.  Why would a defendant ever knowingly give up a day of credit?

Donnelly
, 
Curtis
 and 
Steskal
 are cited but distin­guish­ed because there was no agreement by the defendant as to the proper credit.  Also distinguished is 
Woodard
, because the record was silent as to section 110-14 credit.  

The record in 
Woodard
 may have been silent on the credit issue in the trial court but that is not the basis for the supreme court's holding.

The supreme court in 
Woodard
 makes it clear that the credit should be granted.  
Woodard
 did not involve a person's freedom.  In 
Woodard
, the issue was the $5 credit under section 110-14 of the Criminal Code, which provides in part:  "shall be allowed a credit *** upon application of the defendant."  725 ILCS 5/110-14 (West 1994); 
Woodard
, 175 Ill. 2d at 440, 677 N.E.2d at 938 (emphasis omitted).  The applica­ble provision in this case, section 5-8-7(b) of the Code, states in part:  "[t]he offender shall be given credit *** at the rate specified in Section 3-6-3 of this Code."  730 ILCS 5/5-8-7(b) (West 1994).  The court stated regardless of the failure of the defendant to apply, he was entitled to the credit.  The 
Woodard
 court stated, "[t]he plain language of section 110-14 and its amendments also carries no indication that applica­tion at the trial level is a statutory precondition to the right to any credit."  
Woodard
, 175 Ill. 2d at 448, 677 N.E.2d at 941.  Certainly in determin­ing credit for time served, the defendant does not have to make any application.

Section 5-8-7 of the Code does not require that the credit be determined at the time of the sentencing.  730 ILCS 5/5-8-7 (West 1994).  Again, as 
Woodard
 states:  "judicial discretion is not involved in a decision to allow the credit."  
Woodard
, 175 Ill. 2d at 453, 677 N.E.2d at 944.   "'Granting the credit is a simple ministe­rial act that will promote judicial economy by ending any further proceedings over the matter.'"  
Woodard
, 175 Ill. 2d at 456-57, 677 N.E.2d at 945, quoting 
People v. Scott
, 277 Ill. App. 3d 565, 566, 660 N.E.2d 1316, 1316-17 (1996).

It is interesting to note that the supreme court in 
Woodard
 cited four cases from this district dealing with the mandatory credit in section 5-8-7(b) of the Code.  In 
People v. Sizemore
, 226 Ill. App. 3d 956, 590 N.E.2d 520 (1992), the presen­tence report showed the dates defendant was entitled to credit for time served.  This court, citing 
Donnelly
, stated the issue of credit was not waived.

In 
Donnelly
, we stated:

"Section 5-8-7(b) of the Code is abso­lute, and there is no room for discretion.  Credit must be given, and computation of the credit is basically an administrative func­tion, but sentencing itself is a judicial function.  The credit time is usually shown in the 'Judgment and Sentence,' and is part of the 'Mittimus for State Penal Institu­tions.'  This document is often dated, as in the pres­ent case, some days after the sen­tencing hearing and may not be seen by the defendant.  It is, however, a part of the record on ap­peal.

Because of the statutory right to the credit, we hold that the error on computing the credit is not waived by failure of the defendant in this case to call the error to the trial court's attention."  
Donnelly
, 226 Ill. App. 3d at 779, 589 N.E.2d at 980.

In 
People v. Bates
, 179 Ill. App. 3d 705, 709, 534 N.E.2d 1019, 1021 (1989), in a post-conviction setting on credit for time served, this court did adopt waiver, "where it could have been raised in the trial court or on direct appeal but was not."  Also in 
People v. Beech
, 202 Ill. App. 3d 576, 580, 560 N.E.2d 395, 398 (1990), citing 
Bates
 (179 Ill. App. 3d 705, 534 N.E.2d 1019), this court again stated such an issue can be raised on direct appeal.

Woodard
 did not make the defendant's right to the $5 credit dependent upon any lack of agreement in the trial court.  The majority makes an exception to the right to credit as an issue on appeal if defendant makes some tacit agreement in the trial court.  Certainly a day's credit for time served is as important to a defendant as the $5 credit dealt with in 
Woodard
.

In this case waiver is based upon the litany between the prosecutor, the defendant's attorney and the court.  That colloquy, because of its brevity, is worthy of repeating from the record in its entire­ty:

"THE COURT: *** He's to receive credit against that sentence for all time heretofore served in custody, which I believe the par­ties stipulated is 118 days.

[Prosecutor]:  Judge, that's an error.  It's now 120 days.

THE COURT:  Is that accurate, [defense counsel]?

[Defense counsel]:  That's two days to be added, Judge.

THE COURT:  We'll make that 120 days."

Neither the parties nor the court had the benefit of a presentence report.  This record is not suffi­cient to bar a defendant from presenting this issue on appeal.

The supreme court has recently remanded several cases pursuant to 
Woodard
.  
People v. Watson
, No. 80301 (June 4, 1997), ___ Ill. 2d ___, ___ N.E.2d ___; 
People v. Hillsman
, No. 81415 (June 4, 1997), ___ Ill. 2d ___, ___ N.E.2d ___; 
People v. Taylor
, No. 81655 (June 4, 1997), ___ Ill. 2d ___, ___ N.E.2d ___; 
People v. Brazelton
, No. 82575 (June 4, 1997), ___ Ill. 2d ___, ___ N.E.2d ___; and 
People v. Harris
, No. 82580 (June 4, 1997), ___ Ill. 2d ___, ___ N.E.2d ___.  These supreme court orders, since 
Woodard
, dealing with the credit issue, are a clear indica­tion that defendant should be granted 121 days credit.

As to the Rule 604(d) issue, the majority 
sua
 
sponte
 finds waiver.  The State does not argue waiver suggesting the State has waived the issue of waiver.

I agree with the majority that the trial court did not err in denying defendant's motion to withdraw his guilty plea.